## SUPERIOR COURT

Thomas E. Stack, p. a.
vs. } No.58525
Peter Gikas

RESCRIPT

February 16, 1925.

CAPOTOSTO, J. The plaintiff in this case received a verdict of $6500 from the jury in an action for assault and battery. The defendant moves for a new trial.

The testimony in the case was conflicting beyond hope of reconciliation. The plaintiff and his witnesses detailed facts which, if found to be true, showed a brutal and unwarranted assault with a revolver which resulted in serious injury to the plaintiff. The defendant, on the other hand, presented evidence tending to prove a free-for-all fight, during which the shot which injured the plaintiff was fired by one who, though designated by name, is now in parts unknown.

The plaintiff's story in part is to the effect that while he was flat on the ground, face down, the defendant deliberately shot him in the back at close range. The defendant maintained that while he was holding the plaintiff down and was keeping the plaintiff's friends at a distance, a

friend of the defendant fired a shot from some distance away, certainly over 20 feet, and struck the plaintiff in the back.

The clothing which the plaintiff wore at the time of the shooting was introduced in evidence, and, the outer garment at least, showed clearly evidence of burning. The defendant also testified that in spite of the fact that he had been arrested for this offence, although for some undisclosed reason he had never been prosecuted, he at no time previous to the present trial had mentioned to any one the name of the man who had actually fired the shot. This same attitude was also taken by several of the defendant's witnesses.

· The evidence as given by the defence is against common sense and established physical facts. I do not · believe from the evidence that any one but the defendant fired the shot in question. The burning of the outer garments at the point of entrance of the bullet proves that the weapon from which the shot was fired was held at very close range. No man firing a revolver from a distance of at least twenty feet from the person aimed at could burn the victim's clothing, and, as in this particular case, have the bullet go through all kinds of fancy twists and turns to finally imbed itself in the body of a man who was practically covered by the person in whose aid the shot was supposed to be fired.

The defence presented a set of circumstances which it sought to establish as facts, but which, lacking cohesion and being unexplainable by ordinary experience, failed to accomplish the desired result.

In view of all the circumstances, and keeping in mind that the jury had a right within its sound discretion to award punitive damages, I find that the verdict is proper as to liability and reasonable in the assessment of damages.

Motion for new trial denied.

For plaintiff: Tillinghast & Lynch and Harold Hathaway.

For defendant: Fitzgerald & Higgins.